IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SABRINA ANN WALKER, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, *in her capacity as Acting Commissioner of the Social Security Administration*, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES** <br> **(ECF No. 24)** <br><br> Case No. 1:12-cv-235-EJF <br><br> Magistrate Judge Evelyn J. Furse |

Sabrina Walker filed this action in November 2012 asking this Court to reverse the final agency decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act. Because the Administrative Law Judge failed to consider Ms. Walker's migraines a medically determinable impairment, this Court reversed the Commissioner's decision and remanded the case for further evaluation. (ECF No. 21 at 1.) Ms. Walker now moves this Court for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Because the Court finds the Government substantially justified in taking the position it took, the Court denies Ms. Walker's Motion.[1]

### DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any

---

[1] The Court determined it could decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7-1(f).

court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The government bears the burden of showing that its position was substantially justified." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) (citation omitted). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (citation omitted).

## The Government's Position Was Substantially Justified

Ms. Walker argued the ALJ erred by failing to find her migraine headaches to constitute a severe medically determinable impairment. Step two of the sequential evaluation process requires the ALJ to decide whether the claimant has a severe medically determinable impairment. 20 C.F.R. § 416.920(a)(4)(ii). "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." 20 C.F.R. § 416.908; *see also* 20 C.F.R. § 416.928 (discussing symptoms, signs, and laboratory findings). If the ALJ finds an impairment or combination of impairments qualifies as medically determinable, she must consider whether the impairment qualifies as severe. Despite Ms. Walker's claims of migraine headaches, the ALJ found Ms. Walker's headaches did not constitute a medically determinable impairment because Ms. Walker's April 2011 brain MRI showed normal results, and the record contained no other diagnostic tests related to migraines. The ALJ concluded that because symptoms alone cannot establish a medically determinable impairment, Ms. Walker's migraines could not qualify as such.

This Court's decision reversing the Commissioner's decision recognized that no test exists for migraine headaches. The Government argues it had substantial justification for its

position because, although no test exists for migraine headaches, 20 C.F.R. § 404.1508[2] requires that a claimant's "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." The Government contends this conflict places the ALJ "in a difficult position." (Opp'n Mem. 4 n.1, ECF No. 25.) While the Commissioner's regulations require "medically acceptable clinical and laboratory diagnostic techniques," 20 C.F.R. § 416.908, such a test for migraine headaches simply does not exist. Therefore the ALJ must consider the other evidence in the record, including the successful use of medication to treat migraines. Despite the Commissioner's error, the Court finds the Government's position substantially justified because of the absence of case law from within the Tenth Circuit on this precise point and that this Court's own opinion cited a number of cases recognizing the difficulty migraine headaches present in this context. (ECF No. 21 at 11–12.)

In *Pierce v. Underwood* the Supreme Court stated that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." 487 U.S. 552, 566 n.2 (1988). The Court finds the Government's position had a reasonable basis in law and fact and therefore had substantial justification. Accordingly, the Court denies Ms. Walker's Motion for EAJA attorney fees.

**CONCLUSION**

---

[2] Because this case involves only SSI, the Court understands the government to cite to 20 C.F.R. § 416.908, which provides the same explanation of "[w]hat is needed to show impairment."

For the reasons set forth above, the Court DENIES Ms. Walker's Motion for EAJA attorney Fees (ECF No. 24).

Dated this 14th day of August, 2014.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge